**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

|  |  |
|---|---|
| QUINEY HAROON PERDUE,   )<br>)<br>    Movant,   )<br>)<br>v.   )<br>)<br>UNITED STATES OF AMERICA,   )<br>)<br>    Respondent.   ) | Civ. No. 23-cv-02194-JTF-atc<br>Cr. No. 18-cr-20069-JTF-1 |

**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255, DENYING A
CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL
WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING
LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") filed on April 4, 2023 by Movant Quiney Perdue, Bureau of Prisons register number 30806-076, who is currently incarcerated at United States Penitentiary Lee in Pennington Gap, Virginia. (ECF No. 1.) The United States filed its Response in opposition ("Answer") on May 30, 2023. (ECF No. 7.) For the reasons stated below, the Court **DENIES** the § 2255 Motion.

## I.   BACKGROUND AND PROCEDURAL HISTORY

### A.  Criminal Case No. 18-20069

On April 11, 2018, a federal grand jury in the Western District of Tennessee returned a three-count indictment against Perdue. (Criminal ("Cr.") ECF No. 19.) Count 1 charged that, on or about March 3, 2018, Perdue attempted to rob the First Tennessee Bank located at 4330 Summer Avenue in Memphis, Tennessee, in violation of 18 U.S.C. § 2113(a). (*Id.* at 1.) Count 2 charged

that, on or about March 5, 2018, Perdue robbed the First Tennessee Bank located at 2015 East Brooks Road in Memphis, Tennessee, in violation of 18 U.S.C. § 2113(a). (*Id.* at 2.) Count 3 charged that Perdue used, carried, brandished, and discharged a firearm during the March 5, 2018 robbery in violation of 18 U.S.C. § 924(c). (*Id.*)

After Perdue was evaluated for mental competence, he appeared before this judge on March 15, 2019, and pled guilty to all three (3) counts. (Cr. ECF Nos. 25, 26, 36 & 42.) At a hearing on September 4, 2019, the Court sentenced Perdue to imprisonment for sixty-three (63) months as to Counts 1 and 2 to be served concurrently but consecutive to two hundred forty (240) months imprisonment as to Count 3, for a total term of three hundred three (303) months imprisonment. (Cr. ECF Nos. 53, 54 & 62.)[1] The United States Court of Appeals for the Sixth Circuit affirmed on June 19, 2020. (Cr. ECF Nos. 65 & 66.) Perdue did not petition the United States Supreme Court for a writ of certiorari.

### B.  Perdue's § 2255 Motion

On April 4, 2023, Perdue filed his *pro se* § 2255 Motion. (ECF No. 1.) The Motion was neither signed nor dated. (*See id.* at 13.) The Court directed Perdue to sign his § 2255 Motion on April 23, 2024. (ECF No. 10.) Purdue filed an Amended § 2255 Motion on June 25, 2024 that was signed and dated as of June 12, 2024. (ECF No. 13, 13.) The issues presented are that (1) "Attempt[sic] robbery is not a predicate offense to sustain a conviction under 924(c) (ECF No. 1, 4); and (2) ineffective assistance of counsel (*Id.* at 5.) The Government responded on May 30, 2024. (ECF No. 5.)

---

[1] The 2018 edition of the *Guidelines Manual* was used to determine the advisory sentencing range. (Presentence Report ("PSR") ¶ 20.)

2

## II. THE LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). Movant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

## III. ANALYSIS OF MOVANT'S CLAIMS

In its Answer, the Government argues that the § 2255 Motion should be denied because it is untimely. (ECF No. 10, 2–3.) The Court agrees. 28 U.S.C. § 2255(f) provides that "[a] 1-year period of limitation shall apply to a motion under this section." The § 2255 motions are subject to a one-year limitation period that begins to run from the later of either "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *Id.* § 2255(f)(3). Perdue's claims are both untimely and without merit.

### A. 28 U.S.C. § 2255(f)(1)

Perdue's ineffective assistance of counsel claim is time barred. Under § 2255(f)(1), the limitation period begins to run from the date that the conviction becomes final. "[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). Here, the Sixth Circuit affirmed Perdue's conviction on July 13, 2020. (Cr. ECF Nos. 65 & 66.) Perdue's conviction became final on October 11, 2020— the expiration of the time for filing a petition for a writ of certiorari with the United States Supreme Court. *See Clay v. United States*, 537 U.S. 522, 525 (2003). The running of the § 2255 limitations period commenced the next day, and it expired one year later, on October 11, 2021. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Perdue filed his § 2255 Motion on April 4, 2023, nearly a year and a half after the expiration of the limitations period. As a result, his motion is untimely under § 2255(f)(1).

This claim is time barred and **DENIED**.

### B. 28 U.S.C. § 2255(f)(3)

Perdue also claims that attempted bank robbery no longer qualifies as a predicate offense to support his conviction under 18 U.S.C. § 924(c). *United States v. Taylor*, 596 U.S. 845 (2022). The Government does not address this claim.

Under § 2255(f)(3), the limitation period begins to run on the date on which the Supreme Court recognized the asserted right. If applicable to Perdue's claim, *Taylor* would apply. *Taylor* was issued on June 21, 2022. Therefore, Perdue's April 4, 2023 Motion falls within the one-year limitation period.

Yet, Perdue's reliance on *Taylor* is misplaced. In *Taylor*, the Supreme Court held that a defendant can be lawfully convicted for attempted Hobbs Act Robbery, but that offense cannot

4

serve as a predicate crime of violence to support a 924(c) conviction. 596 U.S. at 852. However, Perdue's attempted bank robbery was not the underlying predicate offense to support his § 924(c) conviction under Count 3. A review of the Indictment shows that Count 2, the completed bank robbery served as the predicate offense for his § 924(c) conviction. (ECF No. 19.) Thus, Perdue's convictions and sentences under all three counts of the indictment are valid.

Perdue's *Taylor* claim is without merit and is **DENIED.**

### C.  Ineffective Assistance of Counsel- Mental Health Issues

Perdue makes an unsupported and conclusory assertion that his attorney was ineffective because "counsel did not raise my mental health issues correctly." Even considering Perdue's *pro se* filing status and reviewing his claim with leniency, the Court cannot determine the sufficiency of his claim. A claim that ineffective assistance of counsel has deprived a movant of his Sixth Amendment right to counsel is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a showing that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Id.* at 687.

Perdue has failed to show, and the Court is unable to find, that his counsel's performance was deficient, or that he was prejudiced in any way. The record shows that defense counsel filed a motion to inquire into Perdue's competency, a motion that was granted by this Court. (Cr. ECF Nos. 25 & 26.) After all mental evaluations were completed, Perdue was returned to this Court where he changed his plea to guilty on all counts of the indictment. (Cr. ECF Nos. 36 & 42.) The Court can only speculate into the reasons for Perdue's claim. Thus, without a more definite statement, the claim is **DENIED**.

### D. Perdue is Not Entitled to Equitable Tolling

"The doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks and citation omitted). The § 2255 limitations period is subject to equitable tolling. *Benitez v. United States*, 521 F.3d 625, 630. "[T]he doctrine of equitable tolling is used sparingly by the federal courts." *Robertson*, 624 F.3d at 784. "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Id*. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Perdue has not requested, pursued, or set forth any facts demonstrating that he is entitled to equitable tolling. He has not shown that he has diligently pursued his rights nor that any extraordinary circumstances prevented his filing. Thus, even if he requested tolling of the statute, a review of the record indicates that he is not entitled to such.

### IV.  APPEAL ISSUES

28 U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). No § 2255 movant may appeal without this certificate.

A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

> Where a district court has rejected a constitutional claim on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . .

There can be no question that the ineffective assistance of counsel issue raised in Perdue's § 2255 Motion is time barred, and the *Taylor* claim asserted is meritless for the reasons previously stated. Therefore, the Court **DENIES** a COA.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)–(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

7

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[2]

**IT IS SO ORDERED** this 4th day of October 2024.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

---

[2] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.